STATE EX REL. RALPH CHARLES HAUCK v. RALPH H. TAHASH.

155 N. W. (2d) 469.

January 12, 1968—No. 40,945.

*Ralph Charles Hauck,* pro se, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying defendant's petition for a writ of habeas corpus.

Defendant was convicted of burglary on April 7, 1966. He was sentenced to the custody of the commissioner of corrections for imprisonment according to law. At the trial of the case defendant was represented by the public defender. After conviction he filed a notice of appeal with the supreme court and was informed by the clerk of this court that he must file the notice of appeal with the clerk of district court. So far as appears from the record, he proceeded no further with the direct appeal. On April 21, 1967, defendant filed a petition for a writ of habeas corpus in which he was originally represented by the state public defender's office. The petition is a rambling statement of matters much of which are irrelevant to any claim that even begins to support his allegations of irregularity. Apparently he contends that his counsel was incompetent; his arrest illegal; that there was an illegal search and seizure, in spite of the fact that the record shows a search warrant issued; that excessive bail was required of him, even though he inferentially admits that he could not furnish any bail of any consequence; and that he was denied the right of an attorney while under interrogation. He discharged the public defender and proceeded pro se. When the public defender was discharged, he delivered to defendant the transcripts in the case which he had in order that defendant could proceed in his own behalf. When the matter came before the district court, defendant refused to surrender these transcripts, so the court had nothing before it except bare assertions of irregularity, wholly unsupported by the record.

We have examined the record and are convinced that the trial court had nothing upon which he could grant relief. The petition fails to com-

140

ply with our statutes, and even though we overlook irregularities on account of the fact that the proceeding is by defendant pro se, still there is nothing in the record or in the petition that would indicate any grounds upon which defendant could be granted any relief. We have examined the entire file and the brief submitted here and are satisfied that the trial court was correct. The brief submitted here is nothing more than a vituperative, rambling statement of mistreatment by practically everyone, including the judges before whom defendant has appeared, court officials, and others.

While we affirm the trial court here, it might be said that if defendant has any cause for complaint or any grounds upon which relief could be granted, our postconviction statute is now available to him. The case is a classic illustration of the futility of a person's proceeding pro se in an area in which he is entirely unlearned in the law. We now have an elaborate and efficient public defender system which is available to him, and it seems unfortunate that inmates of our penal institutions should insist that they proceed without the help of those who know how to present whatever claims they have in a manner in which they can be considered by the courts.

Affirmed.